UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUSANNAH A. LEAMING ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-8511** |
| **STONEGAGE MORTGAGE** | **SECTION I** |

## ORDER AND REASONS

Defendant has filed a motion[1] to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Pro se plaintiffs oppose defendant's motion. Because this Court lacks subject-matter jurisdiction over this lawsuit, defendant's Rule 12(b)(1) motion is granted.[2] The Court does not reach defendant's Rule 12(b)(6) arguments.

## STANDARD OF LAW

Rule 12(b)(1) requires dismissal if a district court lacks jurisdiction over the subject matter of a plaintiff's claim. When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, subject-matter jurisdiction must be decided first because "the court must find jurisdiction before determining the validity of a claim." *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 646 n.11 (5th Cir. 2002). "The standard of Rule 12(b)(1), 'while similar to the standard of Rule 12(b)(6), permits the court to consider a broader range of materials in resolving the motion.'"

---

[1] R. Doc. No. 3.
[2] Plaintiffs have also filed a motion to stay the sale of the property at issue. R. Doc. No. 5. Because the Court grants defendant's motion to dismiss, it does not reach plaintiffs' motion to stay.

*Berry v. Nat'l Labor Relations Bd.*, No. 15-6490, 2016 WL 1571994, at *2 (E.D. La. Apr. 19, 2016) (citation omitted). The Fifth Circuit has explained that courts may dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.*

A case is properly dismissed under Rule 12(b)(1) "for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). A party seeking to invoke federal court jurisdiction must present an actual case or controversy. See U.S. CONST. Art. 3 § 2; *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III," and it is not subject to waiver. *Joint Heirs Fellowship Church v. Akin*, 629 F. App'x 627, 629 (5th Cir. 2015) (citation omitted). "[S]tanding is . . . determined as of the commencement of the suit." *In re Isbell Records, Inc.*, 774 F.3d 859, 869–70 (5th Cir. 2014). Plaintiffs have the burden of establishing standing. *See Akin*, 629 F. App'x at 629.

Dismissals for lack of jurisdiction "are not considered adjudications on the merits and ordinarily do not, and should not, preclude a party from later litigating the same claim, provided that the specific defect has been corrected." *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 n.15 (5th Cir. 2008).

## ANALYSIS

This lawsuit should be dismissed for lack of subject-matter jurisdiction because plaintiffs have initiated bankruptcy proceedings and only the bankruptcy trustee has the right to initiate legal actions on behalf of the bankruptcy debtors. Plaintiffs do not dispute that they initiated a voluntary Chapter 13 bankruptcy proceeding on April 26, 2016—before this lawsuit was filed on June 6, 2016.[3] However, broadly construed, their opposition does challenge whether their claims fall within the bankruptcy estate.

The filing of a bankruptcy petition creates an estate that is comprised of, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "The phrase 'all legal or equitable interests of the debtor in property' has been construed broadly, and includes 'rights of action' such as claims based on state or federal law." *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 584 (5th Cir. 2008) (citations omitted). "If a claim belongs to the estate, then the bankruptcy trustee has exclusive standing to assert it." *Id.*

Procedurally, "[w]hether a specific cause of action belongs to a bankruptcy estate is . . . a matter of law that [the Court] decides by reference to the facial allegations in the complaint." *Id.* at 583. On the merits, whether a particular claim belongs to the bankruptcy estate depends on whether under applicable law the debtor could have raised the claim prior to the commencement of the case. *Id.* at 584.

---

[3] *See* R. Doc. No. 1.

"If a cause of action alleges only indirect harm to a creditor (i.e., an injury which derives from harm to the debtor), and the debtor could have raised a claim for its direct injury under the applicable law, then the cause of action belongs to the estate." *Id.* "Conversely, if the cause of action does not explicitly or implicitly allege harm to the debtor, then the cause of action could not have been asserted by the debtor as of the commencement of the case, and thus is not property of the estate." *Id.*

The claims asserted in plaintiffs' complaint plainly belong to the bankruptcy estate. As best the Court can decipher, plaintiffs claim that defendant violated the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111–21, § 4, 123 Stat. 1617, the Real Estate Settlement Procedures Act of 1974 ("RESPA"), § 2 *et seq.*, 12 U.S.C. § 2601 *et seq.*, and the Truth in Lending Act ("TILA"), § 125(b), 15 U.S.C. § 1635(b).[4] Plaintiffs attempt to assert a cause of action under these statutes in order to rescind the mortgage and promissory note on their home. If plaintiffs had not declared bankruptcy, they clearly would have standing to pursue these claims. Accordingly, these causes of action belong to the bankruptcy estate.

Although the bankruptcy court dismissed[5] the bankruptcy lawsuit on August 10, 2016, "standing is . . . determined as of the commencement of the suit." *In re Isbell Records*, 774 F.3d at 869–70. Even if plaintiffs now have standing to bring these

---

[4] Plaintiffs also claim that they are bringing a claim pursuant to 18 U.S.C. § 1005, but that is a criminal statute which outlaws bank fraud, and hence it is inapplicable here.
[5] *In re Ethan H. Leaming et al.*, No. 16-10970, R. Doc. No. 25 (E.D. La. Bankr.).

claims, they did not have standing when this lawsuit was filed on June 6, 2016. It must therefore be dismissed. *See Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981) ("[W]here a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action."); *Epic Sporting Goods, Inc. v. Fungoman LLC*, No. 09-1981, 2011 WL 588496, at *4 (W.D. La. Feb. 10, 2011) ("[Plaintiff] lacked . . . standing under Article III of the Constitution . . . at the inception of this lawsuit, and such a defect . . . can be cured neither by a subsequent assignment nor a subsequent amendment of the pleadings.").

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED** and that all of plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

New Orleans, Louisiana, September 20, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**